**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRYAN CHRISTOPHER STURM,**

    Petitioner,                                      CASE NO. 2:10-CV-00247
                                                             JUDGE GRAHAM
v.                                                     MAGISTRATE JUDGE ABEL

**JAMES DARNELL, Acting Superintendent,**

    Respondent.

## OPINION AND ORDER

On January 25, 2012, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Petitioner objects to the Magistrate Judge's recommendation of dismissal on the merits of his claims that he was denied his right to self-incrimination and denied effective assistance of counsel. Petitioner again raises all of the same arguments he previously raised in this regard.

Petitioner asserts that the state appellate court unreasonably misapplied *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984); *Stansbury v. California*, 511 U.S. 318 (1994); and *Yarborough v. Alvarado,* 541 U.S. 652, 663-65 (2004), in concluding a reasonable person in his position would have felt free to leave while being questioned by police. Referring to *J.D.B. v. North Carolina*, 563 U.S. –, 131 S.Ct. 2394 (2011)(decided after Petitioner's conviction became final), Petitioner argues that the United States Supreme Court has recognized fundamental differences between children and adults in interacting with police. He contends that the Magistrate Judge failed properly to take into account Petitioner's age – *i.e.*, that he was twelve years old – when concluding that the state court's decision rejecting this claim neither contravened nor unreasonably applied federal law so as to warrant federal

habeas corpus relief.  Petitioner contends that, upon proper consideration of the facts in view of Petitioner's age, the Court must conclude that Petitioner was in custody while being questioned by the police, and that the police therefore should have advised him of his rights under *Miranda v. Arizona,* 384 U.S. 436 (1966), prior to questioning.

Petitioner also asserts that the state courts unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), in concluding he had not been denied effective assistance of counsel based on his attorney's failure to consult with or obtain expert witnesses to testify on his behalf.  Petitioner argues that his confession was unreliable and false.  He contends that, in view of the evidence, he has established a substantial probability that he may have been acquitted had counsel conducted proper investigation and pursued the assistance of expert witnesses for the defense.  In this regard, Petitioner objects to the reliance of the state courts, and the Magistrate Judge, on the lack of any evidence indicating that Petitioner's confession was false.  Petitioner contends that he challenged his confession from the outset of the charges against him and recanted his confession.  Petitioner refers to the affidavits of Dr. Deborah Davis, Gary Rini, and John Nixon in support of his claims.       Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  Upon consideration of the entire record, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* this Court is not persuaded by Petitioner's arguments.  Petitioner's objections, therefore, are **OVERRULED**.

Petitioner also seeks a certificate of appealability.  Where a claim is dismissed on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983).  *Slack v. McDaniel*, 529 U.S. 473, 489 (2000).  To make a

substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.*

This Court is persuaded that Petitioner has established such a showing here. Therefore, his request for a certificate of appealabilty is **GRANTED.** The Court certifies the following issues for appeal:

> 1. Was Petitioner denied his right to self-incrimination?
>
> 2. Was Petitioner denied effective assistance of counsel based on his attorney's failure to consult with or present expert testimony on his behalf?

In summary, Petitioner's objections, Doc. 15, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for a certificate of appealability is **GRANTED** as specified above. Petitioner's request to proceed *in forma pauperis* on appeal is **DENIED** without prejudice to renewal upon submission of his financial affidavit indicating his inability to pay the filing fee required for the appeal. See Federal Rule of Appellate Procedure 24(a)(1).

Date: February 24, 2012                             s/James L. Graham
                                                     James L. Graham
                                                     United States District Judge